Citation Nr: 1808266 
Decision Date: 02/08/18 Archive Date: 02/20/18

DOCKET NO. 13-26 005 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to service connection for a right knee disability, to include osteoarthritis and gout.

2. Entitlement to service connection for a left knee disability, to include osteoarthritis and gout.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

A. Yaffe, Associate Counsel



INTRODUCTION

The Veteran served on active duty from June 1953 to March 1955.

This appeal is before the Board of Veterans' Appeals (Board) from an October 2011 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina, which, in part, denied service connection for bilateral knee disabilities.

In May 2017, the Board denied the Veteran's service connection claims on appeal.

The Veteran appealed the May 2017 decision to the United States Court of Appeals for Veterans Claims (Court/CAVC) and a subsequent October 2017 Court Order granted a Joint Motion for Remand (JMR) that vacated and remanded the Board's May 2017 decision.

The Board acknowledges that the Veteran has also perfected an appeal seeking service connection for a skin disability; however, that claim is not yet ready for appellate review, as further development is being conducted to honor his request for a Board hearing. After such request has been honored, the service connection claim for a skin disability will be addressed in a separate Board decision. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As to the service connection claims on appeal for right and left knee disabilities, a remand is necessary to comply with the October 2017 JMR. 

Specifically, the 2017 JMR noted that the May 2013 VA examiner's opinion relied upon in the Board decision was inadequate for VA purposes. Initially, the examiner's rationale noted that the Veteran's currently diagnosed osteoarthritis is not related to service, because the service treatment records (STRs) are silent for any complaints or injuries to the knees; however, it was noted that the Veteran's STRs were mostly unavailable. In addition, the examiner only provided an opinion related to the currently diagnosed osteoarthritis, but did not consider diagnosis of bilateral gout, which was noted in a treatment record from Oaktree Medical Centre dated in February 2010. Lastly, it was not clear whether the examiner considered the Veteran's lay assertions, specifically due to the fact that most of his STRs were unavailable. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Return the claims file to an appropriate VA examiner for an addendum opinion as to the nature and etiology of the Veteran's currently diagnosed bilateral knee disability, to include osteoarthritis and gout. The claims file and a copy of this Remand must be made available to the reviewing examiner, and the examiner shall indicate in the addendum report that the claims file was reviewed.

The need for another examination is left to the discretion of the medical professional offering the addendum opinion. 

Note to the Examiner: The Veteran's STRs are largely unavailable. The lack of documented treatment in service, while probative, cannot serve as the sole basis for a negative finding. The Veteran's lay contentions must be considered and weighed in making the determination as to whether a nexus exists between service and the currently diagnosed disabilities.

Following a review of the claims file, the reviewing examiner is requested to:

Provide an opinion as to whether the Veteran's currently diagnosed bilateral knee osteoarthritis AND gout are related to his active duty service. 

*In doing so, consider the Veteran's lay assertions that he injured his knees playing football during service, and he was told that he knees were bruised and had to be bandaged; that he had to wear braces and bandages while working on the air strip in Korea; and that his military occupation specialty (MOS) as an engineer required him to always be bending, stooping, and walking such that his knees would get very painful.

A complete rationale should be provided.

2. Then, readjudicate the claims on appeal. If the benefits sought are not granted, the Veteran and his representative must be furnished a supplemental statement of the case (SSOC) and afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
S. B. MAYS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).